UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 94-5825

BRYANT ROGER CAIN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-93-277)

Submitted: March 21, 1996

Decided: April 2, 1996

Before NIEMEYER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

George A. Epstein, Baltimore, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, John F. Purcell, Jr., Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Bryant Roger Cain pled guilty to conspiracy to distribute and to possess with intent to distribute crack cocaine, 21 U.S.C.A. § 846 (West Supp. 1995), and received a sentence of 135 months imprisonment. He contends on appeal that the district court erred in finding that he had more than a minor role in the offense. United States Sentencing Commission, Guidelines Manual, § 3B1.2(b) (Nov. 1993). Finding no clear error, we affirm the sentence.

In six recorded telephone calls, Cain negotiated the sale of a half-kilogram of crack to a confidential informant. When the sale took place on October 24, 1991, Cain arrived at the meeting place with David Brown, who then made a telephone call to his brother, Ronald Brown. At Ronald Brown's request, everyone moved across the street to a different parking lot, where Ronald Brown delivered the crack. Cain subsequently negotiated with an undercover agent posing as a friend of the informant for another half-kilogram sale. However, the sale never took place. Ronald Brown was later killed. In 1993, Cain and David Brown were charged with conspiracy in connection with the October 1991 sale. Both entered guilty pleas. When he was arrested, Cain had 18 packets of crack in his pocket. He owned a Corvette and a Nissan Pathfinder, both of which he had purchased with cash in the names of relatives.

Cain argued at sentencing that he was a minor participant because he merely acted as a middleman or broker for the Browns and because there was no direct evidence that he profited from the deal. Under USSG § 3B1.2, a minor participant is a one who is less culpable than most other participants, but who has more than a minimal role. In determining the defendant's role, the district court should not only compare his conduct with that of the other participants, but weigh it against the elements of the offense of conviction. United States v. Reavis, 48 F.3d 763, 769 (4th Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3890 (U.S. June 19, 1995) (No. 94-9316).

The district court agreed with the government that Cain was more than a minor participant because he was instrumental in bringing

2

about the sale. The court took into account that, during the October 24, 1991, sale, Cain told the confidential informant that he had been dealing with Ronald Brown for six years and also considered the evidence that Cain continued his involvement with drug sales until his arrest. We find that the district court's determination of this factual question, id. at 770, was not clearly erroneous.

Accordingly, the sentence imposed by the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED